UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **ANTONIO GARDENHIRE, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**VOLVO CAR USA, LLC,**<br><br>**Defendant.** | Civil Action No.: 2:25-cv-00127-BHH<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Antonio Gardenhire, through his undersigned counsel, individually and on behalf of himself and non-exempt hourly employees of Volvo Car USA, LLC ("Volvo"), files this Class and Collective Action Complaint ("Complaint") seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann § 41-10-10, *et seq*. Plaintiff asserts his FLSA claims as a collective action under 29 U.S.C. § 216(b) and as a class action claim pursuant to FED. R. CIV. P. 23.

## JURISDICTION AND VENUE

1. Pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, this Court has subject matter jurisdiction over Plaintiff's FLSA claims.

2. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because they arise out of the same transaction or occurrence as

Plaintiff's federal claims.

3. This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332(d), which provides federal district courts with original jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a state different from any defendant.

4. The Court has personal jurisdiction over Defendant. Defendant transacts business and maintains substantial contacts in this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant transacts business in, is found in, and/or has agents in this judicial district, and because some of the actions giving rise to this complaint took place within this district.

## PARTIES

6. Plaintiff Antonio Gardenhire is a resident of Summerton, South Carolina. Pursuant to 29 U.S.C. § 216(b), Plaintiff Gardenhire consented in writing to being a Plaintiff in this action. *See* Ex. A.

7. Defendant Volvo Car USA, LLC ("Volvo") is a limited liability company with its principal place of address and corporate headquarters located at 1800 Volvo Pl, Mahwah, NJ 07430. Volvo may be served with process by serving its registered agent, CT Corporation System, 2 Office Park Court Suite 103, Columbia, South Carolina 29223.

8. At all times material to this action, Defendant has been engaged in commerce or in the production of goods for commerce as defined by the FLSA.

9. Defendant's employees are engaged in interstate commerce and handle or work on goods that have been moved in and/or produced in commerce.

10. Defendant's annual gross volume of sales made, or business done exceeds $500,000.

11. The unlawful acts alleged in this Complaint were committed by Defendant and/or their officers, agents, employees, or representatives, including as alter egos of one another, while actively engaged in the management of Defendant's businesses or affairs and with the authorization of Defendant.

12. During all times relevant, Plaintiff was an employee of Defendant and is covered by the FLSA.

13. During all times relevant, Defendant was an employer and/or enterprise covered by the FLSA.

## CLASS AND COLLECTIVE DEFINITIONS

14. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of himself and the following collective:

> All current and former non-exempt hourly workers of Defendant who were required to don and doff personal protective equipment between December 2, 2021[1] and the present in the United States (the "FLSA Collective").

15. Plaintiff brings Count II of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and the following class:

> All current and former non-exempt hourly workers of Defendant who were required to don and doff personal protective equipment between December 2, 2021[2] and the present in South Carolina (the "South Carolina Class").

16. The FLSA Collective and the South Carolina Class are together referred to as the

---

[1] Three years from when this matter was originally filed in the United States District Court for the District of New Jersey, No. 2:24-cv-10855.
[2] Three years from when this matter was originally filed in the United States District Court for the District of New Jersey, No. 2:24-cv-10855.

"Classes" and the members of the Classes are "Class Members."

17. Plaintiff reserves the right to redefine the Collective and/or the South Carolina Class prior to notice or class certification, and thereafter, as may be warranted or necessary.

## FACTUAL BACKGROUND

18. This is an action brought on behalf of individuals who are current and former non-exempt workers employed by Defendant, challenging Defendant's unlawful failure to pay for "off-the-clock" work prior to and after Plaintiff's and Class Members' regularly scheduled shifts without receiving compensation for such "off-the-clock" activities in violation of the FLSA and SCPWA.

19. Plaintiff worked as a non-exempt hourly employee in the Volvo facility located in Ridgeville, South Carolina from February 2024 to September 2024.

20. Plaintiff and other Class Members are not members of a union.

21. Plaintiff worked as a "Team Member" in Defendant's Paint Shop, located in "Building B," in quality Stations 15 and 16.

22. Paint Shop Station 15 examines vehicles for holes in sealing, dents, and assesses welding or frame issues. Station 16 performs water tests to ensure proper sealant on vehicles.

23. Plaintiff typically worked from 6:00 a.m. to 2:40 p.m. or 7:00 a.m. to 3:40 p.m. Monday through Friday, and occasionally worked an extra shift on Saturdays.

24. Plaintiff typically took a 40-minute meal break that was automatically deducted from his pay statements. Plaintiff could not leave Defendant's premises during his meal break because it would require him to don and doff his PPE and there was not enough time to do so.

25. Defendant required Plaintiff and Class Members to don and doff Personal Protective Equipment (PPE) before and after their schedule shifts.

4

26. Defendant's Employee Handbook states that Defendant "requires team members entering the production area to wear shop-approved team wear and the necessary PPE in accordance with the VCCH Site Safety Requirements Policy" and that "[t]eam wear will be issued to full-time Volvo Cars team members[.]" VCCH Employee Handbook, 2024, pgs. 41-42.

27. Defendant requires all Class Members, regardless of their work location or job duties, to wear PPE when entering production floors. Volvo's Employee handbook states that: "The PPE requirements . . . when entering the production floor are the same for every Volvo employee and contractor, regardless of department or support function." VCCH Employee Handbook, 2024, pg. 51. *See*:

**VCCH PPE Requirements by Area:**

**Safety PPE Requirements for VCCH**

| Building Location: | (hard hat) | (safety glasses) | (safety shoes) | (hi-viz clothing) | (gloves) |
|---|---|---|---|---|---|
| A Shop | Bump Cap (Where required) | Clear Safety Glasses | Safety Shoes | Fire Resistant (FR) Jacket Required. Hi Viz Clothing in Red Areas of the Shop (Logistics) | Cut Resistant Gloves when handling parts/material or objects with sharp edges |
| B Shop | Ball Cap or Hair Net | Clear Safety Glasses | Safety Shoes | Coveralls Required. Hi Viz Clothing in Red Areas of the Shop (Logistics) | Cut Resistant Gloves when handling parts/material or objects with sharp edges |
| C Shop, VPC & the FM Building (600) | N/A | Clear Safety Glasses (Where Required) | Safety Shoes | Hi Viz Clothing in Red Areas of the Shop (Logistics) | Cut Resistant Gloves when handling parts/material or objects with sharp edges |

NOTE: 1) Always remain on the sidewalks and out of any construction zone when walking from the parking lot or between buildings.
2) The PPE Requirements stated above when entering the production floor are the same for every Volvo employee and contractor, regardless of department or support function.

28. Defendant requires that Plaintiff and Class Members arrive to their work shifts sufficiently early to don essential PPE and be dressed and ready prior to the beginning of their shifts.

29. Plaintiff and Class Members cannot begin working without donning the required

5

protective gear.

30. To be on time for his scheduled start shift of 6:00 a.m. or 7:00 a.m., Plaintiff arrived at the Volvo South Carolina facility thirty (30) minutes prior to his shift start time so that he could report to his workstation in his PPE by his shift start time.

31. Prior to their scheduled shift time, Plaintiff and Class Members routinely performed a variety of activities that constituted compensable work, including but not limited to:

    a. walking to defendant's time clock;

    b. walking to defendant's locker room/changing area;

    c. donning specialized protective equipment and clothing issued and stored by Defendant, including safety boots, full body suit coverings, nylon cap coverings, safety glasses, and bump caps; and

    d. walking to the work deck to report to their scheduled shifts.

32. It took Plaintiff 10 to 15 minutes from the parking lot to the timeclock to swipe into his shift and then another 10 to 15 minutes to walk to the changing room to don his PPE.

33. If Plaintiff arrived at the Volvo facility at shift start time, at 6:00 a.m. or 7:00 a.m., he would be considered tardy for his shift because he would not be dressed and ready in his PPE.

34. Defendant considers a tardy arrival an "occurrence" which will result in attendance points. Attendance points can result in a verbal warning, written warning, final written warning, or termination. VCCH Employee Handbook, 2024, pg. 20.

35. Defendant does not allow Plaintiff and Class Members to take PPE out of the building.

36. Defendant requires the PPE to be stored on Defendant's premises to avoid any potential contamination with the vehicle paint, and Plaintiff and Class Members are required to

6

don their PPE on the Defendant's premises.

37. Plaintiff and Class Members cannot don their PPE at home or in the parking lot.

38. Defendant failed to pay Plaintiff and Class Members for the time spent working prior to beginning of their scheduled shift.

39. Defendant paid Plaintiff and Class Members at their scheduled shift start time, regardless of the work they were required to do prior to the scheduled shift start.

40. In addition, at the end of each shift, Plaintiff and Class Members are required to perform the time-consuming task of doffing their personal protective equipment and returning the PPE to the appropriate location. This work takes substantial amount of time.

41. However, Defendant does not pay Plaintiff and Class Members for the time it takes to doff their PPE.

42. Defendant stops paying Plaintiff and the Class Members at the time their scheduled shift ends and does not pay them for doffing their specialized protective equipment or any other work.

43. Regardless of the time Plaintiff swiped in for his shift, Plaintiff's hours were adjusted to reflect his shift start and shift end times.

44. For example, on February 20, 2024, Plaintiff swiped in at 6:36 a.m. and swiped out at 3:43 p.m. but was only paid for eight (8) hours of work, demonstrating that he was only paid for the scheduled shift time. On this day, he was not paid for 27-minutes of recorded working time.

45. On March 1, 2024, Plaintiff clocked in at 5:45 a.m. and out at 2:51 p.m., but again was only paid for eight (8) hours of work. On this day, he was not paid for 26-minutes of recorded working time.

46. On August 28, 2024, Plaintiff clocked in at 5:48 a.m. and out at 2:47 p.m., but again

was only paid for eight (8) hours of work. On this day, he was not paid for 19-minutes of recorded working time.

47. All of the unpaid pre-shift and post-shift work performed is an integral and indispensable part of the principal work activities of Plaintiff and Class Members.

48. Considering that Plaintiff and other similarly situated Class Members worked forty (40) or more hours during weekly pay periods, had they properly been compensated for all "off-the-clock" work, such time would have been added to their overtime hours and treated as overtime for purposes of calculating and computing overtime compensation under the FLSA.

49. Plaintiff and other Class Members sometimes worked less than 40 hours in a workweek. In such workweeks, the off-the-clock work described herein constitutes unpaid gap time, for which Plaintiff and the Class Members are entitled to be paid at their regular hourly rates of pay.

50. For example, during the week of pay period beginning April 15, 2024 and ending April 21, 2024, Defendant recorded only 38.75 hours of work for Plaintiff. Plaintiff is entitled to be paid (but was not paid) his regular hourly rates for the time worked off-the-clock (*i.e.*, his unpaid gap time) for that week.

51. Defendant knew or should have known that the work that they required of Plaintiff and other Class Members should have been paid for all time worked before and after their regularly scheduled shift under the FLSA and SCPWA.

52. Upon information and belief, Class Members that work in Defendant's other buildings at the South Carolina facility, as well as Defendant's other manufacturing plants, are also required to don and doff personal protective equipment provided by and required by Defendant and are not paid for this pre- and post-shift "off-the-clock" work.

## COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

54. Plaintiff desires to pursue this FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

55. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, inter alia, all such individuals worked pursuant to the Defendant's previously described common pay and timekeeping practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, inter alia, Defendant's common compensation, timekeeping and payroll practices.

56. The FLSA Collective Members have the same or closely similar job duties as the Plaintiff, and Plaintiff and all Collective Members were paid by Defendant in the same manner, in violation of the FLSA. Accordingly, the named Plaintiff is similarly situated to all FLSA Collective Members.

57. Plaintiff and the FLSA Collective performed the same type of work, the manner and terms of which were controlled by the Defendant and were not paid for all time worked or at the proper overtime rate as required by federal law.

58. The similarly situated employees are known to Defendant, are readily identifiable, and may be located through Defendant's records.

59. Defendant employs many FLSA Collective Members throughout South Carolina. These similarly situated employees may be readily notified of this action through direct U.S. mail

and/or other appropriate means and allowed to opt into it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

60. Plaintiff incorporates by reference the foregoing allegations as if set forth herein.

61. Plaintiff brings this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of himself and the South Carolina Class defined above.

62. The members of the South Carolina Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 100 members of the South Carolina Class.

63. Defendant has engaged in the same conduct towards Plaintiff and the other members of the South Carolina Class.

64. The injuries and damages to the South Carolina Class present questions of law and fact that are common to each class member within the South Carolina Class, and that are common to the South Carolina Class as a whole.

65. Plaintiff will fairly and adequately represent and protect the interests of the South Carolina Class, and all of its proposed class members because there is no conflict between the claims of Plaintiff and those of the South Carolina Class, and Plaintiff's claims are typical of the claims of the South Carolina Class.

66. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

67. Class certification is appropriate under FED. R. CIV. P. 23(B)(3) because questions of law and fact common to the South Carolina Class predominate over any questions affecting

only individual Class members including, without limitation: whether Defendant failed to pay them the full amount of overtime compensation earned.

68. Plaintiff's claims are typical of the claims of the South Carolina Class in the following ways, without limitation: (a) Plaintiff is a member of the South Carolina Class; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the South Carolina Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the South Carolina Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the South Carolina Class members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the South Carolina Class members.

69. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated individuals to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The South Carolina Class is readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the South Carolina Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

70. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the South Carolina Class members, while substantial, are not great enough to enable them to

maintain separate suits against Defendant.

71. Without a class action, Defendant will unjustly retain the benefit of their wrongdoing, which will result in further damages to Plaintiff and the South Carolina Class. Plaintiff envisions no difficulty in the management of this action as a class action.

**COUNT I**
**Violation of the FLSA - Overtime**
**(On Behalf of the Plaintiff and the FLSA Collective)**

72. All previous paragraphs are incorporated as though fully set forth herein.

73. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he or she is employed. *See* 29 U.S.C. § 207(a)(1).

74. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

75. At all relevant times, Defendant was an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

76. At all relevant times, Plaintiff and Collective Members were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

77. Plaintiff and Collective Members are not exempt from the requirements of the FLSA.

78. Plaintiff and Collective Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

79. Defendant's compensation scheme applicable to Plaintiff and Collective Members failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

80. Defendant also failed to create, keep and preserve records with respect to work

performed by the Plaintiff and the FLSA Collective sufficient to determine their wages, hours and other conditions of employment in violation of the FLSA, 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

81. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

82. Defendant is liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

### COUNT II
### South Carolina Payment Of Wages Act, S.C. Code Ann. § 41-10-30
### (On Behalf of the Plaintiff and the South Carolina Class)

83. All above-alleged paragraphs are incorporated herein by reference.

84. Plaintiff and similarly situated non-exempt employees seek to recover wages for all the times they worked "off the clock" and worked less than forty (40) hours in a work week. During those work weeks Plaintiff and South Carolina Class Members are seeking to recover their regular hourly rate.

85. At all relevant times, Defendant was an "employer" as defined by S.C. Code § 41-10-10(1).

86. At all relevant times, Plaintiff and South Carolina Class Members were covered employees of Defendant.

87. Defendant failed to pay "wages," as defined by S.C. Code §41-10-10(2), and pursuant to Plaintiff's employment agreement.

88. S.C. Code §41-10-10(2) defines "wages" as all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission

basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract.

89. Defendant violated Plaintiff's and South Carolina Class Members' employment agreement and the South Carolina Payment of Wages Act by not compensating Plaintiff and similarly situated non-exempt employees, for the compensable "off the clock" work they performed that was less than forty (40) hours in a work week.

90. Plaintiff and South Carolina Class Members are owed wages pursuant to the South Carolina Payment of Wages Act because the Defendant did not pay Plaintiff and South Carolina Class Members their wages due per their employment agreement.

91. Defendant refused to pay Plaintiff's wages due, as required by S.C. Code §41-10-40 and -50.

92. Pursuant to S.C. Code §41-10-80(C), Plaintiff and South Carolina Class Members are entitled to recover in this action an amount equal to three times the full amount of their unpaid wages, plus costs and reasonable attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on his own behalf and all others similarly situated:

  a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

  b. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the South Carolina Class;

  c. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

  d. For unpaid wages as may be owed and prejudgment interest to the fullest extent permitted under the law;

  e. Liquidated damages to the fullest extent permitted under the law;

    f.  Treble damages pursuant to the South Carolina Payment of Wages Act;

    a.  Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

    b.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully Submitted,

*/s/ Robert L. Wehrman*
Robert L. Wehrman (Fed. ID. No. 13426)
**DUFFY & YOUNG LLC**
96 Broad Street
Charleston, SC 29401
Tel.: (843) 720-2044
rwehrman@duffyandyoung.com

Camille Fundora Rodriguez*
Olivia S. Lanctot*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-4635
crodriguez@bm.net
olanctot@bm.net

Mariyam Hussain*
**BERGER MONTAGUE PC**
110 N. Wacker Drive, Suite 2500
Chicago, IL 60606
Tel.: (773) 666-4316
mhussain@bm.net

*\* pro hac vice forthcoming*

January 6, 2025
Charleston, South Carolina